NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN MCKEOWN,<br><br>                              Plaintiff,<br>v.<br><br>VERIZON NEW JERSEY INC., JAY BEASLEY, DENNIS GILL, *et al.*,<br><br>                              Defendants. | Civil Action No. 12-5080 (WJM)<br><br>REPORT & RECOMMENDATION |

**FALK, U.S.M.J.**

 Before the Court is Plaintiff's motion to remand this case to state court. The motion is opposed. No argument was heard. Fed. R. Civ. P. 78(b). For the reasons that follow, it is respectfully recommended that Plaintiff's motion be **granted**.

BACKGROUND

 This is an employment case filed by Plaintiff, Kevin McKeown, in New Jersey state court pursuant to the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq*. ("CEPA"). Plaintiff is a former manager employed by Defendant Verizon New Jersey, Inc. ("Verizon"). Defendant Verizon provides telephone and Internet services throughout the state. Defendant Jay Beasley is Verizon's Director of Operations for Central Jersey. Defendant Dennis Gill is Plaintiff's former supervisor.

Plaintiff was formerly employed as a local Verizon manager responsible for supervising services technicians. Plaintiff was a non-union employee; the technicians were represented by Local 827 of the International Brotherhood of Electrical Workers, AFL-CIO ("Local 827"). Plaintiff alleges that Defendants Beasley and Gill conspired with others in Verizon management to engage in a scheme to harass and falsely discipline Verizon technicians in retaliation for a union strike that occurred in 2011. Plaintiff claims he was fired for objecting to and refusing to participate in the scheme.

On June 28, 2012, Plaintiff filed a multi-count Complaint in state court bringing claims under, *inter alia*, CEPA, New Jersey's whistle-blower statute, and *Pierce v. Ortho Pharm. Corp.*, 417 A.2d 505 (1980), for unlawful termination in violation of a clear mandate of public policy.

On August 13, 2012, Defendant Verizon[1] removed the case to this Court, stating that Plaintiff's CEPA claim is preempted by the Labor Management Relations Act, 29 U.S.C. § 185, *et seq*. ("LMRA"). Defendant contends that discipline of Verizon technicians is a union issue addressed through a disciplinary program identified as Quality Assurance Reviews ("QARs"), which is contained in a collective bargaining agreement ("CBA") between Verizon and Local 827. Defendant further contends that because Plaintiff's CEPA claim is based on objections touching on disciplinary issues and the QAR program, the claim is substantially dependent on the interpretation of a CBA and is

---

[1] The individually named Defendants have not yet been served.

preempted.

Plaintiff seeks remand to state court, arguing his claim has nothing whatsoever to do with a CBA; that he is not alleging that a CBA was violated; that his claim has nothing to do with union activity; that he is not a member of a collective bargaining unit; that he is not a party to the CBA; and that his Complaint is based solely on state law.

## DISCUSSION

**A.    Removal Standard**

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

**B.    Federal Jurisdiction**

A district court has original jurisdiction over cases that "arise under" federal law. See 28 U.S.C. § 1331, 1441(a). Pursuant to the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not allege a

federal claim on its face.  See Franchise Tax Bd. of Cal. v. Contr. Laborers Vac. Tr. for S. Ca., 463 U.S. 1, 10 (1983).  Federal jurisdiction cannot be established by a federal defense or by challenging the merits of a claim.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  However, an exception to the well-pleaded complaint rule is the doctrine of complete preemption.  See, e.g., Lazorko v. Pa. Hosp., 237 F.3d 242, 248 (3d Cir. 2000) ("One exception to [the well-pleaded complaint rule] is for matters that Congress has so completely preempted that any civil complaint that falls within this category is necessarily federal in character.").  The doctrine of complete preemption "creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint."  Id.

    Defendant argues that despite the absence a federal claim in the Complaint, federal jurisdiction is present by virtue of the complete preemption of Plaintiff's CEPA claim by Section 301 of the LMRA.

    Section 301(a) of the LMRA provides for federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization . . . ."  29 U.S.C. § 185 (a); see Textron v. United Automobile, 523 U.S. 653, 656-57 (1998).  Section 301 preemption exists for "[1] claims founded directly on rights created by collective bargaining agreements, and [2] . . . claims substantially dependent upon an analysis of a collective bargaining agreement."  Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 404 (1988) (alterations added); see Allis-Chalmers Corp. v. Lueck, 471 U.S. 202,

220 (1985). Preemption is not lightly inferred. See Voilas v. General Motors Corp., 170 F.3d 367, 375 n.1 (3d Cir. 1999). And preemption does not arise simply because a collective bargaining agreement may be involved in a dispute. See Lingle, 486 U.S. at 412; see also e.g., Bonilla v. Starwood Hotels Resorts Worldwide, Inc., 407 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005) ("If the claim is plainly based on state law, Section 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense."). Indeed, if the facts of a given case could give rise to an action under a CBA as well as a separate state law claim, preemption does not attach. See Lingle, 486 U.S. at 408 (noting, in the event resolution of a state law claim "involves attention to the same factual considerations as the contractual determination, such 'parallelism' does not mandate preemption"). The fundamental question in evaluating Section 301 preemption is whether resolution of the state law claim turns on the meaning of a collective bargaining agreement. See id. at 405-06.

**C.     Decision**

Plaintiff's CEPA claim is not pre-empted by Section 301 of the LMRA. The Complaint contains a commonplace state law CEPA employment claim. The CEPA claim requires that Plaintiff show: (1) that he reasonably believed that his employer's conduct was violating either a law or a rule or regulation promulgated pursuant to law; (2) that he performed whistle-blowing activity; (3) retaliatory action was taken against him; and (4) a causal connection between the whistle-blowing activity and the adverse

employment action.  See, e.g., Blackburn v. United Parcel Service, 179 F.3d 81, 92 (3d Cir. 1999).  Plaintiff's CEPA claim does not rely on or remotely implicate the CBA with Local 827.

Plaintiff has made clear that he is <u>not</u> challenging Verizon's right to conduct QARs and that he is not basing his claim on a breach of the CBA, which makes sense given that he is not even a party to the agreement.  He also makes clear that his whistle-blowing activity was not based on what he perceived to be a violation of the CBA.  Rather, what Plaintiff actually alleges is that the supposedly improper discipline and harassment violated, among other things, New Jersey's criminal laws and the State's public policy. (Pl.'s Br. 5.)  This is not surprising, given that a CBA is a *contract*, not a law or rule or regulation, and it is unclear a breach of contract would even support the CEPA claim. The simple fact is Plaintiff is not attempting to show that improper discipline violated the CBA or that his whistle-blowing was based on a perception that the CBA was being violated.  Rather, Plaintiff is saying that improper discipline and harassment occurred and that there is a substantial nexus between that conduct and the public policy of New Jersey and/or the State's criminal laws.  Thus, Defendant is incorrect when it assumes that Plaintiff's CEPA claim is based on an alleged violation of the CBA.[2]

---

[3] Defendant appears to suggest that Plaintiff cannot successfully prevail on his CEPA claim without showing the CBA was violated, making it an issue in the case and preempting the state law claim.  If this is so, that is Plaintiff's problem.  For present purposes, however, this is essentially a prohibited re-pleading of the Complaint in violation of the well-pleaded complaint rule—and a dispute over the merits of the case.

Defendant attempts to muddy the waters by claiming that the Court will have to evaluate every instance of allegedly improper discipline of Verizon technicians under the terms of the CBA in order to determine whether it was reasonable for Plaintiff to believe the discipline imposed violated a law.  This is not realistic.  Even if true, it does not make the CBA a substantial issue in the case.  The proper inquiry focuses on Plaintiff's state of mind and whether he reasonably believed there was any law that could have been violated when he allegedly engaged in whistle-blower protected activity and was terminated for it—all issues that do not involve consideration of a CBA.  The considerations that actually apply are "the conduct of the Plaintiff and the conduct and motivation of the Defendant."  Synder v. Dietz & Watson, 837 F. Supp. 2d 428, 454 (D.N.J. 2011) (finding that state law employment claim not was preempted by Section 301).  Plaintiff's claim will also involve consideration of whether the termination was discriminatory or

---

While it is conceivable that the CBA could give rise to a defense of some kind, that amounts to defensive preemption, a wholly distinct concept from complete preemption giving rise to a right of removal.  See, e.g., Caterpillar, 482 U.S. at 398-99 ("It is true that when a defense to a state claim is based on the terms of a collective bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives.  But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—the plaintiff is the master of the complaint, and that the plaintiff may, be eschewing claims based on federal law, choose to have the cause heard in state court.  When a plaintiff invokes a right created by a collective bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is defendant's option.  But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.  If a defendant could do so, the plaintiff would be the master of nothing.").

legitimate and non-discriminatory.  See, e.g., Scott v. Sysco Food Servs. of Metro New York, LLC, No. 07-3656, 2007 WL 3170121, at *6-7 (D.N.J. Oct. 26, 2007).  These are not CBA related issues.

Based on the above, it would be an unprecedented transfiguration to find that Section 301 preemption was meant to fully and completely preempt Plaintiff's state law CEPA claim under these circumstances.  Cf. Brown v. Parsons Inspection, No. 12-1652, 2012 WL 4955252, at *2-3 (D.N.J. Oct. 16, 2012) (Martini, J.) (declining Section 301 preemption and resolving any doubts in favor of remand).

## CONCLUSION

For the reasons set forth, it is respectfully recommended that Plaintiff's motion to remand be **GRANTED**.


　　　　　　　　　　　　　　　　　　　**s/Mark Falk**
　　　　　　　　　　　　　　　　　　　**MARK FALK**
　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**


**Dated: November 8, 2012**